MARY A. BRITT

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Cumberland.    Opinion December 5, 1914.

*Damage.    Evidence.    Fire Communicated by Locomotive Engine.    Negligence.*

1.   The most favorable construction to be put upon the plaintiff's testimony is the deduction of the witness that fires one and three were set by a passing engine, because a train was due to pass about the time when the fire started.
2.   With such insufficient evidence, the jury must have reached a verdict by conjecture, instead of proof, or that they substituted guess work for proof.

On motion by defendant for new trial.    Motion sustained.    New trial ordered.

This is an action on the case to recover for damage to property by three fires, alleged to have been communicated to land of Mary A. Britt by a locomotive engine of the Maine Central Railroad Company.    Plea, general issue.    The jury returned a verdict for plaintiff of $399.71, and thereupon the defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Connellan & Connellan,* for plaintiff.

*Symonds, Snow, and Cook & Hutchinson,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J.    This case comes before us on motion by defendant to have the plaintiff's verdict set aside on the customary grounds that the same is against law, evidence and the weight of evidence.    The plaintiff charges loss of property on account of three separate fires set by locomotives of the defendant on August 5th, August 11th and August 22d in the year 1913.

In support of her contention that the fires were started by defendant's locomotives she introduces the testimony of her husband who says:

"Q. Do you know whether or not, just previous to any of these three fires, any Maine Central engines passed up or down that road, whether freight or passenger?

A. Yes; I know there was.

Q. Which fire?

A. When it set the hemlocks afire the train went.

Q. That was fire No. 1?

A. Yes, sir.

Q. A train went by?

A. About half past eleven one goes by towards Portland; one meets it right there that goes toward Gray.

Q. On fire No. 2 do you know whether any engine passed just previous to your seeing the fire?

A. I couldn't say positive; no, sir, because that is Sunday.

Q. On fire No. 3 do you know whether or not there was any engines passed back and forth?

A. I know there was a train goes by the same time, about half past eleven, somewhere around that, about half past eleven."

As to fire No. 2 occurring on Sunday, Mr. Britt says:

"Q. On this particular Sunday, just previous or within a few hours previous to discovering this fire, whether or not any trains had passed by?

A. I couldn't just tell.

Q. Freight or passenger?

A. I think there was, yes, but I couldn't tell what time.

. . . . . .

Q. Do you know whether or not, on this particular Sunday, just previous to the fire, any engine had passed by on the railroad fronting your field?

A. I couldn't say positive there was, no, sir."

The most favorable construction to be put upon this testimony is the deduction of the witness that fires one and three were set by a passing engine because a train was due to pass about the time when the fires started. Trains may be late or be cancelled. The witness

assumes that trains were run on schedule time and from that assumption makes his deduction. As to fire No. 2 he is not even so positive as he is when testifying to fires one and three.

Mr. Sawyer, a former employee of the defendant, testified that on a Sunday his attention was called to a fire by a fire ticket thrown from a passing engine, but it is evident that such fire could not have been set by the engine from which the ticket was thrown for, if so, the fire would have started after the engine passed and would not have been burning so as to attract the attention of the engineer. He also testifies that when he was at fire No. 3 a train passed and that after it passed he saw a fire "right over in the pasture on the opposite side of the track from the pine growth." This latter fire is not one for which the plaintiff is seeking damages in this suit but the testimony was admissible as tending to show the inherent capacity of locomotive engines for communicating fires. He also testified that before the fire in the pines, fire No. 3, one engine had passed in the forenoon but there is no testimony to show proximity of time between the passing of that engine and the occurrence of the fire in the pines. This is all the testimony tending to show that the fires complained of were set by passing engines of the defendant. There is no testimony to show that any of these engines at whatever time they did pass, were emitting sparks; or that the fires were discovered shortly after any engines passed.

We feel that with such insufficient evidence the jury must have reached a verdict by conjecture instead of proof, or that they substituted guess work for proof. *Russell* v. *M. C. R. R. Co.*, 100 Maine, 106; *McTaggart* v. *M. C. R. R. Co.*, 100 Maine, 223.

*Motion sustained.*
*New trial ordered.*